

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-13-2005

# Sanchez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2740

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Sanchez v. Atty Gen USA" (2005). *2005 Decisions*. Paper 856.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/856

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-2740
_____

IVAN SANCHEZ,

Appellant,

v.

*ATTORNEY GENERAL, UNITED STATES;
JAMES W. ZIGLAR, IMMIGRATION AND
NATURALIZATION SERVICE
COMMISSIONER; A.J. QUARANTILLO,
INS DISTRICT DIRECTOR; JOSE C. SIMAO

*(Amended per Clerk's Order of 4/26/05)
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-01848)
District Judge:  Honorable Jose L. Linares
_____

Submitted Under Third Circuit LAR 34.1(a)
July 7, 2005

Before:  SLOVITER, BARRY AND FISHER, CIRCUIT JUDGES.

(Filed : July 13, 2005)

_____

OPINION
_____

PER CURIAM

Appellant Ivan Sanchez, a native and citizen of Cuba, came to the United States as part of the Mariel Boatlift, and was paroled into the United States in May 1980. In 1995, Sanchez pleaded guilty to aggravated manslaughter in New Jersey state court. He was sentenced to a term of imprisonment of 17 years, and his immigration parole was revoked. In August 2002, Sanchez was served with a Notice To Appear, which charged him with removal under Immigration & Nationality Act § 212(a)(2)(A)(i)(I) (alien convicted of crime of moral turpitude), and § 212(a)(7)(A)(i)(I) (failure to possess valid entry document at time of application for admission). In October 2002, New Jersey released Sanchez on parole, and he then was taken into immigration custody. In November 2002, an Immigration Judge sustained the charges and ordered Sanchez removed to Cuba. The Immigration & Naturalization Service, now the Department of Homeland Security, subsequently considered but declined to release him on parole pursuant to the Cuban Review Plan, 8 C.F.R. § 212.12.

In April 2003, Sanchez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in United States District Court for the District of New Jersey, in which he claimed that his ongoing detention pursuant to 8 U.S.C. § 1231(a)(6) violated due process because there was no likelihood that he would be removed to Cuba in the foreseeable future. Relying upon Zadvydas v. Davis, 533 U.S. 678 (2001), Sanchez requested release from detention. In an order entered on May 25, 2004, the District Court denied the

petition, concluding that Sanchez' continued detention was authorized by our decision in Sierra v. Romaine, 347 F.3d 559, 576 (3d Cir. 2003) ("the Attorney General has the authority under [8 U.S.C. §] 1231(a)(6) to detain [an inadmissible alien] indefinitely and Zadvydas's six-month presumption of reasonableness is not applicable to him.").

Sanchez appealed, and the appellees, which include the Attorney General, moved for summary affirmance. A motions panel of this Court referred the motion to a merits panel, and our Clerk stayed briefing pending the United States Supreme Court's decision in Benitez v. Wallis, 124 S. Ct. 1143 (U.S. 2004). That case has been decided, briefs have been filed, and the appeal is ripe for decision.

We will dismiss the appeal as moot. In Zadvydas v. Davis, 533 U.S. at 689, the Supreme Court interpreted 8 U.S.C. § 1231(a)(6) to authorize the continued detention of legal permanent resident aliens beyond the mandated 90-day removal period, but only for as long as "reasonably necessary" to effectuate their removal from the country. The Supreme Court explained that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." Id. at 699. The Court construed section 1231(a)(6) to limit post-removal order detention to a period reasonably necessary to bring about the alien's removal, generally no more than six months. After six months, the alien is eligible for conditional release if he can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future." Id. at 701.

In <u>Clark v. Martinez</u>, 125 S. Ct. 716 (U.S. 2005), a companion case to <u>Benitez</u>, the Supreme Court extended its interpretation of section 1231(a)(6) to inadmissible aliens, such as Sanchez. The Court also vacated and remanded for reconsideration our decision in <u>Sierra</u>, 125 S. Ct. 962 (U.S. 2005). Under <u>Clark</u>, an inadmissible alien can no longer be detained beyond the statutory 90-day removal period of 8 U.S.C. § 1231(a)(1), where there is no significant likelihood of removal in the reasonably foreseeable future. <u>Clark</u> effectively ends this case. The Supreme Court itself observed that conditions in Cuba have not changed such that removal of the Mariel Cubans is reasonably foreseeable; therefore, <u>Clark</u> dictates that Sanchez is entitled to be released and paroled into the country. 125 S. Ct. at 727 (because government brought forward nothing to indicate that substantial likelihood of removal exists despite passage of six months, and conceded that "it is no longer even involved in repatriation negotiations with Cuba," petitions for habeas corpus should have been granted).

In his brief on appeal, the Attorney General asserted that, on March 25, 2005, he requested that a repatriation review, 8 <u>C.F.R.</u> § 241.13, be completed in Sanchez' case as soon as possible. He stated: "Upon completion of the review, ... [i]f the [Department of Homeland Security] determines there is no likelihood of removal and that petitioner is not a special category alien, the petitioner will be released on an order of supervision." (Appellees' Brief, at 7.) Three weeks later, Sanchez was released from immigration custody pending his removal from the United States, according to a letter submitted to

this Court by the U.S. Attorney after the appellees' brief was filed. The Release Notification states that Sanchez' release does not affect the removal order and does not constitute an admission to the United States, and that Sanchez is subject to certain conditions of supervision. See Clark, 125 S. Ct. at 727-28 (O'Connor, J., concurring) (any alien released under Clark is subject to conditions of supervised release, 8 U.S.C. § 1231(a)(3), and if he fails to comply with conditions of release, he is subject to criminal penalties, including further detention, 8 U.S.C. § 1253(b)).

In view of this development we conclude that the appeal is moot. In his habeas petition, Sanchez sought release from detention. He has achieved that result. There is no need for a remand to the District Court insofar as Sanchez has already been released. The action of the Department of Homeland Security has forestalled any occasion for this Court to provide meaningful relief. See Artway v. Attorney General of New Jersey, 81 F.3d 1235, 1246 (3d Cir. 1996).

We will dismiss the appeal as moot. The Attorney General's motion for summary affirmance is denied.